# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN R. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV803 JAR |
| | ) | |
| GERALD M. RICHARDSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pro se against his former attorney, Gerald Richardson and his former employer, McDonald's Corporation, alleging violations of his civil rights. Plaintiff states that the Court's jurisdiction rests on "18 U.S.C. § 875 and other statutes."

In his complaint plaintiff asserts that his rights were violated in connection with two prior lawsuits he brought against McDonalds in this Court in 1997 and 2000. See Lee v. McDonald's Corp., 4:97CV1280 TIA (E.D. Mo.) and Lee v. McDonald's Corp., 4:00CV846 TIA (E.D. Mo.).[1] Plaintiff states that, as alleged in his prior actions before this Court, his rights were violated by McDonald's under the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and the Missouri Human Rights Act ("MHRA") when McDonald's Corporation terminated his employment and engaged in race discrimination against him. He additionally claims that his appointed counsel, Gerald Richardson, "chose to engage in obstruction of justice by making false criminal statements."

After reviewing plaintiff's complaint, it is apparent that he has taken issue with the result of the judgments entered against him and in favor of McDonald's. He claims that defendant Richardson failed to act properly on his behalf in those actions

---

[1] It appears these two cases were consolidated for pretrial purposes.

and that attorneys for McDonald's Corporation acted with "unclean hands." Plaintiff, therefore, requests that the judgments be "unsealed and overturned." He further requests that "all benefits provided by the FMLA dating back to the unlawful termination date with all interest, stock options and benefits plus 10 million in punitive damages" be awarded. Plaintiff additionally seeks the revocation of defendant Richardson's law license.

In effect, plaintiff is seeking to relitigate the entirety of his discrimination action against McDonald's Corporation with newly appointed counsel.

## Discussion

The Court has reviewed plaintiff's filings in their entirety, including the records contained in plaintiff's prior cases before this Court, as well as his appellate filings in those matters. This is not the first instance that plaintiff has argued a violation of his rights before this Court or the Eighth Circuit Court of Appeals. Indeed, in response to the motions for summary judgment in the consolidated cases, he argued both the "unclean hands" of McDonald's Corporation as well as the alleged unlawful acts of his own appointed attorney, Gerald Richardson.

The Honorable Terry I. Adelman held a hearing on Mr. Richardson's motion to withdraw as counsel for plaintiff on October 18, 2002. See Lee v. McDonald's

Corp., 4:97CV1280 TIA (E.D. Mo.) (Doc. #156, #159 and #160).  After a thorough review of the record, Mr. Richardson's motion to withdraw was granted.

After that time, judgment as to the alleged race discrimination and FMLA violation was entered against plaintiff and in favor of McDonald's Corporation. Plaintiff complained of the same issues before the Court in the instant complaint in his direct appeal to the Eighth Circuit, as well as in two petitions for writ of mandamus he filed with the Court of Appeals.[2]  All of his petitions were denied.

Plaintiff is essentially seeking to relitigate issues already litigated in his prior suits before this Court and the Eighth Circuit Court of Appeals.  "[A]n issue may not be relitigated in a second lawsuit where that issue had previously been litigated in a prior lawsuit which involved the same cause of action. Furthermore, issues which might have been raised in the first lawsuit may not be raised in a second lawsuit arising out of the same cause of action."  Robbins v. District Court of Worth County, Iowa, 592 F.2d 1015, 1017 (8th Cir. 1979).

As such, this Court must dismiss the present action under 28 U.S.C. § 1915 due to plaintiff's failure to state a claim.

---

[2]Plaintiff's direct appeal was dismissed as untimely.  See Lee v. McDonald's Corporation, No. 03-1214 (8th Cir. 2003).  Plaintiff's applications for writ of mandamus were denied on the merits.  See In re Kevin Lee, No. 06-2910 (8th Cir. 2006); In re Kevin Lee, No. 12-3976 (8th Cir. 2012).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of August, 2013.

                                                  JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE